MEMORANDUM **
Fabel Roque (“Roque”) appeals his conviction of distribution of more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). Ro-que challenges the district court’s denial of his request for a sentencing entrapment jury instruction and his motion for acquit *626 tal on the basis of sentencing entrapment. We have jurisdiction under 28 U.S.C. § 1291 and we REVERSE and REMAND.
1. We review de novo the district court’s denial of a jury instruction when there is a question of whether the instruction adequately presented the defendant’s theory of the case and for, abuse of discretion when there is a question of adequate factual basis. United States v. Cortes, 757 F.3d 850, 857 (9th Cir. 2013).
2. Sentencing entrapment is an element of the crime and therefore a question for the jury. Id. A defendant is entitled to a sentencing entrapment jury instruction if there is “some foundation in the evidence” or “evidence from which the jury could find” that he “would be subject to a lesser statutory minimum or maximum sentence if his sentencing entrapment defense were to succeed.” Id. at 863-64.[1]
Evidence presented at trial showed that Roque earlier offered to sell an unspecified quantity of methamphetamine but the informant rejected the transaction because it was too small. Roque also offered to connect the informant with a distributor rather than distribute the drugs directly. Ro-que would be subject to a lower minimum and maximum sentence if successful on his sentencing entrapment defense.[2] There is “some foundation” in the evidence from which a jury could find sentencing entrapment because the jury could conclude that the government set the drug quantity at a higher amount to maximize punishment when the informant rejected a quantity that was too small. The district court erred’ in denying Roque’s request for a jury instruction on sentencing entrapment.
3. When a district court errs in denying a criminal jury instruction, we reverse “unless there is no reasonable possibility that this error materially affected the verdict.” Id. at 857. There is a reasonable possibility that the district court’s error materially affected the verdict because the jury could have found that Roque showed sentencing entrapment and therefore was responsible for a smaller drug quantity.
4. In light of this disposition, we need not address Roque’s challenge to the denial of his motion for acquittal.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

, Unlike in Cortes, a reverse sting "stash house” case where the jury would be required to find only that the defendant lacked the capability or intent to deal the charged drug quantity, Roque's case is an ordinary sting case, so the jury will have to determine that he lacked both the capability and intent to deal the charged drug quantity. 757 F.3d at 861 (citing United States v. Yuman-Hernandez, 712 F.3d 471, 475 (9th Cir. 2013)).

. Roque was sentenced to 121 months imprisonment under § 841(a)(1),(b)(1)(A)(viii) for distributing at least fifty grams of methamphetamine. He was subject to a mandatory minimum sentence of ten years and a maximum of life imprisonment. If the jury found that Roque distributed five to fifty grams of methamphetamine, he would be subject to a mandatory minimum of five years and a maximum of forty years in prison. § 841 (b)( 1 )(B) (viii). If the amount was less than five grams or an unspecified amount of methamphetamine, he would be subject to a maximum of twenty years in prison and no mandatory minimum. § 841(b)(1)(C).