**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50236 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00829-PA-1 |
| v. | |
| FABEL ROQUE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 4, 2019
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and DRAIN,** District Judge.

Fabel Roque appeals his sentence of 78 months' imprisonment for

distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

Roque argues that the district court erred by denying his request to continue his

sentencing hearing so that he could interview the confidential source who had

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

information concerning Roque's sentencing entrapment claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for resentencing.

In a prior appeal, in which Roque challenged his original conviction and sentence under 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), we reversed and remanded the case. *See United States v. Roque*, 670 F. App'x 625 (9th Cir. 2016). The prior panel concluded that the district court erred when it denied Roque's request for a jury instruction on sentencing entrapment finding that "[t]here is some foundation in the evidence from which a jury could find sentencing entrapment . . . ." *Id.* at 626 (internal quotation marks omitted).

On remand, the district court ordered Roque resentenced under 21 U.S.C. § 841(a)(1), (b)(1)(C). Roque submitted a proffer of the confidential source's testimony prior to his resentencing hearing. The district court failed to accept the proffer of the confidential source's anticipated testimony. At the resentencing hearing, Roque requested a continuance so that his counsel could interview the confidential source the following week. The district court denied Roque's request for a continuance and proceeded to resentencing. The district court again rejected Roque's sentencing entrapment claim, concluding that "the evidence adduced at trial revealed unequivocally that the defendant was predisposed to provide the quantity charged in the Indictment . . . ."

The district court's conclusion that the evidence "revealed unequivocally"

that there was no sentencing entrapment was directly contrary to the prior panel's mandate that "[t]here is some foundation in the evidence from which a jury could find sentencing entrapment . . . ." *Id.* (internal quotation marks omitted). This was error. The rule of mandate limited the district court's authority on remand. *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). When an issue has been finally settled by an appellate court, the district court "is bound by the decree as the law of the case, and must carry it into execution according to the mandate." *Id.* (citation omitted). The district court may not "vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal . . . ." *Id.* (citation omitted).

In light of the unusual circumstances of this case, we find that remand to a different district court judge is appropriate. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007). The district court judge currently presiding has twice concluded that there was no evidence of sentencing entrapment and thus, will "have substantial difficulty in putting out of his . . . mind" this impression. *Id.* (citation omitted).

**REVERSED and REMANDED.** The Clerk of the Court for the Central District of California shall assign the resentencing to a different district court judge.